UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LUKE MEIER,

       Plaintiff,                               No. 22-12991

v.                                       Honorable Nancy G. Edmunds

WYNDHAM HOTELS AND RESORTS
CORPORATION, *et al.*,

       Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYING FEES OR COSTS [2] AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Daniel Luke Meier brings this pro se complaint against Defendants Wyndham Hotels and Resorts Corporation; Joshua Levon Broughton and James Cory Broughton; several Van Buren police officers; the Van Buren Township prosecutor, Angela Manarino; and the private law firm with which the prosecutor is affiliated.  (ECF No. 1.)  Plaintiff's allegations relate to an incident that took place on December 12, 2021, during which he was taken to a Super 8 Motel due to his intoxication.  He alleges that he was assaulted by two motel employees, the Broughton Defendants, solely because he was white and wearing a cowboy hat.  He also takes issue with the police officers' investigation of the alleged assault and the subsequent decision not to levy criminal charges against the Broughtons.  Plaintiff has also filed an application to proceed without prepaying fees or costs.  (ECF No. 2.)  For the reasons discussed below, the

1

Court GRANTS Plaintiff's request to proceed in forma pauperis and DISMISSES Plaintiff's complaint.[1]

## I.      Plaintiff's Application to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs ("in forma pauperis" or "IFP") if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." An affidavit in support of an IFP application is sufficient if it states that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his family with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Here, Plaintiff states his only source of income is public assistance and he also lists a number of expenses. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

## II.     Plaintiff's Complaint

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "is frivolous or malicious [or] fails to state a claim on which relief may be granted." *See* § 1915(e)(2)(B).

---

[1] Plaintiff recently filed a "motion for immediate consideration or the alternative motion for recusal and motion for permissive joinder." (ECF No. 5.) The dismissal of this case renders that motion moot.

Plaintiff's complaint primarily focuses on Defendants' so-called "illegal implementation of a satanic religion violating the separation of religion and state."  (ECF No. 1, PageID.31-41.)  But these fantastical and attenuated allegations do not give rise to any cognizable claim for relief, and thus Plaintiff's complaint is subject to dismissal under § 1915(e)(2)(B)(ii).   Plaintiff also lists a number of federal criminal statutes, constitutional rights, and state statutes.  The Court will address each in turn.

First, a private citizen may not assert a right of action under a criminal statute. *See Jenkins v. Methodist Healthcare*, No. 15-6195, 2016 U.S. App. LEXIS 10598, at *5 (6th Cir. May 6, 2016) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002).  It is the United States Attorney, not a private citizen, who is authorized to prosecute any offenses against the United States.  *See Hamilton*, 29 F. App'x at 204.  Thus, Plaintiff fails to state a claim upon which relief may be granted under those statutes.  *See id.*

Plaintiff also asserts violations of the First, Fifth, and Fourteenth Amendments, but the nature of his claims is not entirely clear and any claims that are mentioned are unsupported by material facts.  For instance, Plaintiff alleges that Defendants violated his equal protection rights, but there are no factual allegations that would suggest he received disparate treatment compared to similarly situated individuals.  *See Prado v. Thomas*, 804 F. App'x 332, 340 (6th Cir. 2020).  And to the extent Plaintiff takes issue with the fact that the Broughton Defendants were not arrested after he reported the alleged assault and not criminally prosecuted after the subsequent investigation,[2] there

---

[2] Plaintiff notes that he was told that charges would not be brought against the Broughtons in part because he was admittedly intoxicated during the incident.

is no constitutional right to the investigation or prosecution of another person.  *See*

*Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007).  Plaintiff also alleges Defendants

conspired to conceal the alleged assault.  But even if the Court were to liberally construe

this as an attempt to bring an "access to courts" claim, there is no allegation that any

state actor hindered Plaintiff's right to file a civil suit in state court.  *See Swekel v. City*

*of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997) (finding allegations of a cover-up

did not amount to a constitutional violation because there was no "evidence that the

defendants' actions actually rendered any available state court remedy ineffective").

    In addition, Plaintiff brings an unlawful seizure claim under the Fourth

Amendment.  Plaintiff states that after two police officers responded to his phone call

regarding the alleged assault, Defendant Officer Wherman told Plaintiff that he wanted

to take him to the police station to take some pictures of his injuries.  He alleges that

Defendant Wherman lied about not having a camera with him and therefore took him to

the police station under false pretenses.

    Consensual encounters between the police and citizens do not constitute

seizures for purposes of the Fourth Amendment.  *See United States v. Alston*, 375 F.3d

408, 411 (6th Cir. 2004).  An encounter is consensual if a reasonable person would feel

free to terminate the encounter and walk away.  *See id.*  And this is even when the

police initiate the contact and approach a citizen for brief questioning.  *See id.*  Here, it

is Plaintiff who initiated the police contact to report the alleged assault.  (ECF No. 1,

PageID.7.)  Plaintiff believes there was no need for him to go to the police station to

complete the police report, but he does not assert that he was taken to the station

involuntarily or that he was not free to leave.  He instead complains that he was not

4

provided assistance and that the officer refused to give him a ride home or help him make a phone call.  (*Id.* at PageID.14.)  He notes that he could have made a phone call from the motel itself, where he had already paid for a one night stay.  (*Id.*)  But these facts do not convert a consensual encounter into a seizure.  Plaintiff himself states that he simply walked out of the police station that day.  Because there was no seizure, Plaintiff fails to state a claim under the Fourth Amendment.  Plaintiff also mentions that his driver's license was taken by Defendant Wherman.  But there is no allegation that it was taken for any purpose other than the filing of the report.  And to the extent Plaintiff states that his license was not returned to him, the Sixth Circuit has held that the Fourth Amendment does not protect an individual's interest in regaining possession of property.  *See Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999) (finding no seizure occurred when the defendants refused to return the plaintiff's driver's license to him).  In sum, Plaintiff has not stated any cognizable constitutional claim.

Plaintiff names the Van Buren Township prosecutor as a defendant in this matter, but she is entitled to absolute immunity for conduct associated with the judicial phase of the criminal process.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (noting that a prosecutor acting as "an officer of the court" is absolutely immune from a suit seeking monetary damages).  Thus, any claim against the state prosecutor arising from her decision to not initiate a criminal prosecution must be dismissed for this additional reason.

Finally, Plaintiff lists a number of state statutes, including Michigan's Freedom of Information Act.  Because the Court is dismissing all of Plaintiff's federal claims for failure to state a claim, the Court declines to exercise supplemental jurisdiction over any

claims Plaintiff may have under those statutes.  *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . .").  And to the extent Plaintiff's complaint may be construed as bringing any common law claims, the Court similarly declines to exercise jurisdiction over those claims.

## III.    Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepayment of fees or costs is GRANTED; Plaintiff's federal claims are DISMISSED with prejudice; and his state law claims are DISMISSED without prejudice to refiling in the appropriate state forum.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 9, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 9, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager