UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LUKE MEIER,

      Plaintiff,                                           No. 22-12991

v.                                                           Honorable Nancy G. Edmunds

WYNDHAM HOTELS AND RESORTS
CORPORATION, *et al.*,

      Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT OR ORDER [8]

On December 9, 2022, Plaintiff Daniel Luke Meier filed a pro se complaint against a number of parties along with an application to proceed without prepaying fees or costs. (ECF No. 1, 2.) On January 9, 2023, the Court entered an opinion and order granting Plaintiff's application to proceed in forma pauperis and dismissing this case. (ECF Nos. 6, 7.) The dismissal was with prejudice as to Plaintiff's federal claims but without prejudice as to any state law claims. (ECF No. 6.) The matter is now before the Court on Plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 8.) For the reasons below, the Court DENIES Plaintiff's motion.

Rule 60(b) allows the Court to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

1

>judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff is not entitled to relief under any subsection of this rule.

Plaintiff in large part repeats his allegations against Defendants, but the Court need not address issues it previously considered. *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997) (A motion for reconsideration is "not the proper vehicle to relitigate issues previously considered.") (internal quotation marks and citation omitted).

Plaintiff also argues that the Court is biased against him and requests reassignment of the case to a different judge. But the Court has already dismissed this case, so Plaintiff's request is moot. But even if it were not moot, he is not entitled to the relief he seeks. Plaintiff has not submitted any proof of personal bias that would require recusal pursuant to 28 U.S.C. § 144. And while a judge of the United States is required to disqualify herself from a proceeding where her "impartiality might reasonably be questioned" or "[w]here [s]he has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(a), (b)(1), this statute imposes an objective standard; thus, a judge must recuse herself only "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," *Burley v. Gagacki*, 834 F.3d 606, 615-16 (6th Cir. 2016) (internal questions and citation omitted). "[T]he judge need not recuse [her]self based on the subjective view of a party no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (internal quotations and citation omitted). "[A] judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving

2

otherwise." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (internal quotations and citation omitted). Plaintiff has not identified any facts that would give rise to a question regarding the Court's impartiality. And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, Plaintiff falls short of satisfying his burden of proving that reassignment of this case is warranted.

For the foregoing reasons, Plaintiff's motion for relief from judgment is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 26, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager